IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-0175-01-CR-W-DW |
| ) | |
| MICHAEL J. TIMLEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court are both the Motion of the United States for a Final Order of Forfeiture, with Supporting Suggestions (Doc. 227) and Patrick W. Peters' Third-Party Petition for Ancillary Hearing. (Doc. 228). In its Motion for a Final Order of Forfeiture, the United States (the "Government") seeks forfeiture of the following property pursuant to 21 U.S.C. § 853:

Approximately $130,097 in United States currency seized on April 17, 2003, from the residence located at 8428 N.E. 109th Place, Kansas City, Missouri in the following locations:

a. $207 in United States currency recovered from a brown purse in the northwest bedroom;

b. $10,500 in United States currency recovered from a plastic bag in the northeast bedroom;

c. $1,900 in United States currency recovered from the floor of the northwest bedroom; and

d. $117,490 in United States currency recovered from the trunk of a Chevy Caprice located in the garage of the residence.

In his Petition, Mr. Peters requests a hearing on his claim to the above-listed property under 21 U.S.C. § 853(n). The Government filed its Opposition to Mr. Peters' Motion.

On June 9, 2004, the defendants Michael J. Timley and Lacey M. Gimlin entered into plea agreements with the United States. In the agreements, Defendants agreed, amongst other items, to forfeit to the United States their interest in the property identified in Count Two, the above listed property. Based upon the agreements, this Court entered a Preliminary Order of Forfeiture on August 20, 2004.

On October 15, 2004, Patrick Peters filed a Petition for a Third-Party Ancillary Hearing. This Court denied that Motion stating that any issues regarding the disbursement of forfeited funds could be handled at the sentencing then scheduled for November 23, 2004. The Court informed Mr. Peters that his petition would be entertained at that time.

The sentencing hearing was rescheduled and held on December 17, 2004. At the sentencing, the Court heard Mr. Peters petition. Mr. Peters waived his right to a hearing and stipulated that the Court's finding would be on the facts stated in the parties' motions and those presented at the hearing. The Court held that it lacked jurisdiction over the forfeited funds and ordered that the funds be returned to Mr. Peters. On January 21, 2005, the Court issued an Order upholding its findings.

The Government appealed this Court's decision to the 8th Circuit. On appeal the 8th Circuit found (1) that this Court had jurisdiction over the forfeited funds and (2) that Mr. Peters has no legal right to the forfeited money.

Accordingly, on May 9, 2006, this Court reinstated its August 20, 2004 Preliminary Order of Forfeiture. The Government published a notice of forfeiture in The Pulse Legal Publication, a daily newspaper of general circulation published in Jackson County, Missouri, for the three

consecutive weeks of July 3, 2006, July 10, 2006, and July 17, 2006. No party, other than Mr. Peters, asserted a legal interest in the property and petitioned the Court for a hearing within thirty (30) days of the final publication of notice or of receipt of actual notice.

Mr. Peters reasserts his Petition for a Third-Party Hearing that he made in 2004. Mr. Peters claims that the 8th Circuit improperly decided the merits of his petition since a hearing was never held.

As stated above, the Court notified Mr. Peters that it would hear his Third-Party Petition at Defendants' sentencing hearing. At the hearing, Mr. Peters waived his right to a hearing and stipulated to the facts as stated in the briefs and at the hearing. Further, the 8th Circuit reviewed the argument and evidence and found that Mr. Peters has no right to the forfeited property. The Law of the Case doctrine binds this Court to the 8th Circuit's ruling. See United States v. Unger, 700 F.2d 445, 450 (8th Cir. 1983) ("The law of the case doctrine generally requires that a decision on a former appeal be followed in any subsequent proceedings unless evidence subsequently introduced is substantially different or the decision is "clearly erroneous and works manifest injustice."); See also United States v. Campos, 859 F.2d 1233, 1240 (6th Cir. 1988) (district court is not required to hold a 21 U.S.C. § 853 hearing where claimants fail to make a prima facie showing of a legal right, title, or interest in the forfeited property). Accordingly, Mr. Peters' Third-Party Petition for Ancillary Hearing is DENIED.

Based upon the facts stated above, the Court finds that any claims by additional parties are barred under 21 U.S.C. § 853(n). Based upon the plea agreement, the Court finds that the Defendants had an interest in the property that is subject to forfeiture.

Accordingly, It is hereby ORDERED that:

    (1) Patrick W. Peters' Third-Party Petition for Ancillary Hearing (Doc. 228) is

DENIED.

        (2) The Motion of the United States for a Final Order of Forfeiture, with Supporting Suggestions (Doc. 227) is GRANTED. Pursuant to 21 U.S.C. § 853(g) and Federal Rule of Criminal Procedure 32.2(b)(3), the United States Attorney General or his designee is authorized to seize the above-described property which is now in the custody of third-party claimant Patrick W. Peters.

        (3) All other persons claiming any right, title, or interest in or to the above-referenced property are held in default.

        (4) The claims and interest of any other persons or parties are forever foreclosed and barred.

        (5) The Court shall retain jurisdiction to enter any orders necessary to amend or enforce this order.

Date: February 13, 2007         /s/ DEAN WHIPPLE
        Dean Whipple
        United States District Court